### HIBNER v CARPENTER

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10300. Decided November 11, 1929

Messrs. Ewing & Moon, Cleveland, for Hibner.

Messrs. Patterson, O'Brien & Holland, Cleveland, for Carpenter.

SULLIVAN, J.

The thing which is determinative is the instrument of writing called the waiver. From an examination thereof, it only signifies that Hibner agreed that the claim of Carpenter should be paid prior to any account for monies due him from The Associated Laboratories Co., as of Feb. 6, 1924. In this instrument of writing we do not find any legal obligation which would entitle, because of its terms, the liability

claimed by Carpenter against Hibner, in his cause of action and consequently there is no legal structure for the judgment in favor of the plaintiff below.

It is a well settled proposition of law that when suit is based upon an instrument of writing, the same must be a foundation in law for the recovery of any judgment thereon, and if it is not impregnated with any obligation imposed upon the party executing the same there can be no recovery and we find that this is the situation in this case, and that therefore the question of the weight of the evidence is not material.

Therefore, it is our judgment that the court committed error of a prejudicial nature under the assignments of error. The motions to direct should have been sustained therefore it is our view that the judgment of the lower court should be reversed, and inasmuch as the instrument of writing in question, known as the waiver, does not create an obligation suable in law, final judgment herein is rendered for the plaintiff in error, and an entry may be made accordingly.

Vickery, P. J. and Levine, J., concur.